IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CASE NUMBER:  1:16-cr-00186-001 |
| Plaintiff | : : | JUDGE BENITA Y. PEARSON |
| vs. | : : : | |
| **JAMES TODT** | : : | **MOTION TO SUPPLEMENT** **SENTENCING CRITERIA** |
| Defendant | : | |

Now comes the Defendant, James Todt, by and through his authorized Counsel, and hereby moves this Honorable Court to impose an order of sentence which reflects a consideration of those factors which shall be reviewed by a Court pursuant to Title 18, United States Code, Section 3553.  The rationale for such a Motion is contained in the Memorandum which is attached hereto and incorporated herein by reference.

        Respectfully submitted,

        \s\ Mark A. Stanton
        **MARK A. STANTON  (0007919**)
        SHORT, SHEPHERD & STANTON
        The Rockefeller Building, Suite 1300
        614 West Superior Avenue
        Cleveland, Ohio  44113-1306
        Phone: (216) 687-0725
        Fax:     (216) 664-6999

        COUNSEL FOR DEFENDANT
        JAMES TODT

**CERTIFICATE OF SERVICE**

A true copy of the foregoing Motion to Supplement Sentencing Criteria has been forwarded, via the Court's Electronic Filing System, on this 5th day of October, 2016, to Robert J. Patton, Esq., Assistant United States Attorney, 801 West Superior Avenue, 400 U.S. Court House, Cleveland, Ohio 44113-1830.

\s\ Mark A. Stanton
**MARK A. STANTON  (0007919)**

**MEMORANDUM**

**I.    BACKGROUND**

Defendant, James Todt, was charged in a four count Information by the United States of America on the date of June 2, 2016.  Although the Information contained four counts, only the first three related to Defendant herein.  The charges related, inter alia, to a violation of Title 18, U.S.C. Section 371, and involving 18 U.S.C. Section 666(a)(1) and (a)(2), Conspiracy to Commit Bribery Concerning Programs Receiving Federal Funds.  Prior to the return of the Information, a series of meetings were conducted between the Government and Defense Counsel.  Thereafter, a series of proffer statements were elicited from Mr. Todt in the years 2015 and 2016.

After exchange and review of materials and consultation between Mr. Todt and his Counsel, an oral agreement to enter a guilty plea to the three counts of the aforementioned Information was negotiated.  Thereafter, Mr. Todt appeared before the Honorable George J. Limbert, U.S. Magistrate Judge, on June 14, 2016 wherein he entered a plea of guilty to the above-referenced charges.  Upon acceptance of the guilty pleas, Defendant was referred to the U.S. Probation Office for a pre-sentence investigation and report.

Since the objective history, character and background of Mr. Todt reflects a consistency of propriety and integrity, it was anticipated that he would receive a favorable report from the United States Probation Office.  Although the report prepared and filed by United States Probation Officer Jennifer Burke did justify the aforementioned anticipation and reflected a comprehensive investigation, the essence of the report is neither intended nor capable of presenting an accurate assessment of the character traits which personify Mr. Todt.  To that end, it is respectfully requested that this Honorable

Court incorporate the following factors within the entire framework of statutory criteria utilized to determine the appropriate sentence.

II. **LAW AND ARGUMENT**

A review of Title 18, United States Code, Section 3553(a) reveals those factors which a Court shall consider in imposing "…a sentence sufficient, but not greater than necessary…" On a parallel note, a review and application of those factors must be interrelated with the advisory capacity of the applicable category presented in "…the guidelines that are issued by the Sentencing Commission pursuant to 28 U.S.C. 994 (a)(1) and that are in effect on the date the defendant is sentenced…" Lastly, Defendant recognizes and concedes the maximum term of imprisonment for count one is five (5) years pursuant to 18 U.S.C. §371 and ten (10) years for counts two and three pursuant to 18 U.S.C. §666(a)(1)(A).

In a parallel context, this Motion is not being presented in an attempt to steer this Court to apply the statutory criteria in a singular and wholly favorable manner to the situation which confronts Mr. Todt. This Honorable Court is infinitely more qualified to interpret, interrelate and apply the relevant factors and advisory guideline aspects to ascertain the appropriate sentence.

Despite the necessity of this concession, Defendant does request that this Court accept and review the Book of Exhibits which has been attached to this Motion and that the review be conducted in light of this Court's duty to consider "…the nature and circumstances of the offense and the history and characteristics of the defendant…" (Subsection (a)(1) of Title 18, U.S.C.,§3553). Although the pre-sentence report does provide a summary of the offense and the recitation provided by Mr. Todt for his involvement therein, the report is unable to capture the essence of Defendant's "history and character". Accordingly, Defendant submits that an accurate and equitable consideration of these criteria may not

4

be accomplished unless the opinions and character assessments of those individuals best acquainted with Mr. Todt are reviewed and interrelated with all of the information provided previously to this Honorable Court.

Defendant acknowledges completely that the content of this Motion and its Book of Exhibits can not submerge the reality of his conviction and culpable behavior. Mr. Todt neither asserts nor implies that these letters are submitted to deny the nature of his offense or ignore its significance. Moreover, Defendant fully recognizes and accepts responsibility for his actions and would never countenance the introduction of untenable excuses on his behalf (Subsection (a)(2)(A) of Title 18, U.S.C. 3553).

However, he must contend simultaneously that he has conducted himself in a law abiding and respectful manner throughout his life and that he expresses, and will continue to express, deep and genuine remorse for his actions. Defendant alludes to this history, character and background reference because the instant case represents the singular instance in his lifetime wherein Mr. Todt participated in a criminal endeavor which is charged as a felony.

His involvement and voluntary participation in the charged offenses are self-evident. Mr. Todt, in concert with his named Co-Defendants, engaged in the acceptance of monetary bribes and services which accrued to his financial benefit. Moreover, Defendant Todt submitted false invoices to his employer, CHN, and received reimbursement amounts to which he was not entitled.

Interrelated with this factual background, the named Co–Defendants received additional consideration from Mr. Todt which ensured that their bid applications would be consistent with the construction costs projected by CHN. Accordingly, the submission of bid applications which reflected highly comparable construction costs greatly increased the probability that the Co-Defendants' bids

would be accepted by CHN and the projects would be awarded without the necessity of great discussion or extensive review.

Despite the inarguable nature of these facts, the titles and status of Mr. Todt as the Manager/Director of Property Services/Single Family Construction, respectively, subjected him to the whims, intentions and unwritten policies contained in the oral directions from his superiors which he received continuously throughout his employment with CHN.  In truth, the preferential treatment accorded the Co-Defendants herein was encouraged, if not demanded, by certain members of the CHN hierarchy.  More specifically, Mr. Todt was instructed and reminded repeatedly that certain contractors should and must receive a robust percentage of the contracts awarded and that all necessary procedures utilized to ensure that percentage must be invoked.

Needless to say, Mr. Todt was also reminded repeatedly that such a policy would never be acknowledged or verified by his superiors because "...plausible deniability..." would be implemented immediately and uniformly.  The existence of this unwritten policy and the unmitigated intention of superiors to deny it summarily was divulged by Defendant Todt consistently throughout the Proffer process and he reiterates these statements herein.

Notwithstanding the reiteration, these factors do not and should not diminish the guilt of Mr. Todt.  No individual or group of individuals directed Mr. Todt to engage in bribery schemes to fulfill a policy to ensure that certain contractors received a disproportionate amount of contracts.  Despite the pervasive culture of favoritism, the indiscriminate purchase of houses from brokers favored by CHN rather than the properties available and significantly cheaper through the Cuyahoga County Land Bank, and a wholly unfulfilled commitment to the "mission statement" of CHN, Defendant Todt engaged in impermissible and illegal conduct which subjected him rightfully to his current status.

The importance of the aforementioned factors derive from their dissimilar nature when compared to the resolute actions, decisions, and lifetime philosophy of Mr. Todt throughout the great majority of his lifetime.  In essence, Mr. Todt has not conducted his everyday life in the manner reflected in the factual foundation of his charged offenses, a scenario which is tragic in its nature and irreversible in its effect.

The true measure of Defendant is manifested poignantly by his unimpeachable reputation among those individuals who have known and loved him throughout his lifetime.  Their heartfelt statements reflect a perception of Mr. Todt as a loyal, selfless and committed individual who has demonstrated the character and attitude which provide persuasive evidence that he is unlikely to commit offenses in the future (Subsections (a)(1) and (a)(2)(C) of Title 18, U.S.C. 3553).  Moreover, this reputation suggests strongly that he will respond affirmatively to supervision during the designated period of his sentence.  (See attached Appendix to Motion to Supplement Sentencing Criteria, Tabs A, B and C and note particularly an e-mail in Tab B from Mark Wilkes, a fellow employee of Mr. Todt at his current employment with Centennial Contractors Enterprises, Inc.  The e-mail was disseminated to two Executive Officers of the company).

A review of the letters in the Appendix reveals statements of authentic love and ineffable respect for a man who has dedicated his life to uphold and sustain the sanctity of friendship and familial bonds. Additionally, Mr. Todt has always maintained a focus which encompasses the needs and welfare of others.  Lastly, these letters portray an individual who has neither sought nor expected rewards for his sustained dedication to family and friends, but rather a man who has attempted to enrich the lives of these individuals and minimize the impact of any adversity in their lives.  In this regard, the instant offense must be perceived as aberrational.

These latter factors are corroborated additionally by Defendant's voluntary actions since the date of his Indictment.  Unlike many other individuals charged similarly who engage in relentless self-pity and the projection of blame to others, Mr. Todt confronted his behavior and made amends with his family and friends.  Moreover, he pursued, secured and sustained productive employment during the past year despite the immediacy of his sentence in order to ensure his girlfriend and children that he will fulfill his obligation to provide for the family when the opportunity arises in the uncertain future.  (Testimony to be provided at sentencing).

The transition is apparent.  Pursuant to an interrelation of the sentencing guidelines and the applicable statutory sanctions, Defendant Todt is confronted with a term of imprisonment.  In light of the totality of the factors presented herein, it is respectfully submitted that this Honorable Court impose a sentence which is consistent with the totality of Defendant's history, character and background and the duty of the Court to fulfill the mandate of Title 18, U.S.C., 3553.

Although Defendant believes and contends that the totality of his case reflects a wholly dissimilar set of factors from the philosophy and manner in which he has attempted to conduct his life, he defers to the discretion and wisdom of this Honorable Court to implement a sentence which recognizes these disparate scenarios accordingly.

If this Honorable Court does not concur in this perception, the impact upon Mr. Todt could be deleterious and irreversible.  The necessity for this perception bespeaks the very essence of this Motion.

WHEREFORE, for any and all of the foregoing reasons, Defendant, James Todt, respectfully requests that this Honorable Court entertain consideration of all matters presented herein at the time of sentencing.

>Respectfully submitted,
>
>\s\ Mark A. Stanton
>**MARK A. STANTON  (0007919**)
>SHORT, SHEPHERD & STANTON
>The Rockefeller Building, Suite 1300
>614 West Superior Avenue
>Cleveland, Ohio  44113-1306
>Phone: (216) 687-0725
>Fax:     (216) 664-6999
>
>COUNSEL FOR DEFENDANT
>JAMES TODT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CASE NUMBER: 1:16-cr-00186-001 |
| Plaintiff | : | JUDGE BENITA Y. PEARSON |
| vs. | : | |
| **JAMES TODT** | : | |
| Defendant | : | |

## APPENDIX TO MOTION TO SUPPLEMENT SENTENCING CRITERIA

TAB A                FRIENDS

TAB B                PROFESSIONAL/ASSOCIATES

TAB C                FAMILY


Respectfully submitted,

\s\ Mark A. Stanton
**MARK A. STANTON  (0007919**)
SHORT, SHEPHERD & STANTON
The Rockefeller Building, Suite 1300
614 West Superior Avenue
Cleveland, Ohio  44113-1306
Phone: (216) 687-0725
Fax:     (216) 664-6999

COUNSEL FOR DEFENDANT
JAMES TODT